# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CLAUDE GENE SLOAN**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:06CV00684 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Claude Gene Sloan, Pro Se Petitioner.*

The petitioner, an inmate convicted and sentenced in this court, has filed a "Petition for Writ of Coram Nobis and or Nunc Pro Tunc and Writ of Audita Querela." In his pleading, Sloan challenges his federal sentence for manufacturing marijuana. Upon review of the pleading and court records, I find that Sloan's claims could have been raised in a direct appeal or in a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2006). Therefore, I conclude that the Petition must be construed as a § 2255 motion and dismissed as successive.

Sloan pleaded guilty in March 2001, pursuant to a written plea agreement, to one count of manufacturing marijuana. I sentenced him in July 2001 to sixty months in prison, to be served consecutive to his previously imposed state sentence. No

appeal was filed. In July 2003, Sloan filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to § 2255, that I dismissed as untimely. *Sloan v. United States*, No. 7:03CV00783 (W.D. Va. Apr. 30, 2004), *appeal dismissed for failure to prosecute*, No. 04-6879 (4th Cir. Sept. 29, 2004).

In his current pleading, Sloan alleges that the federal prosecutor did not keep promises to argue for running Sloan's federal sentence concurrent with his state sentences for arson and obstruction of justice, charges that arose out of Sloan's attempts to protect his marijuana growing operation. Sloan also alleges that he was sentenced under the incorrect statute and that he asked his attorney to appeal the court's failure to impose a concurrent sentence, but no appeal was filed.

To the extent that the writs of coram nobis and audita querela exist in this day and age under the All Writs Act, 28 U.S.C.A. § 1651 (West 1994), Sloan cannot obtain the relief he desires through such writs.[1] As courts have explained, a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. *See, e.g., United States v. Johnson*, 237 F.3d 751, 755

---

[1] Writs of audita querela and coram nobis are "similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." *Id*. By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id*.

(6th Cir. 2001) (citing cases). Neither the writ of coram nobis nor the writ of audita querela is available to an inmate when other remedies exist, such as a motion under § 2255. *Id.; United States v. Valdez-Pacheco,* 237 F.3d 1077, 1080 (9th Cir. 2001) ("We agree with our sister circuits and conclude that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255."); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (explaining that audita querela may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255"). The fact that a particular prisoner was or would be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. *See, e.g., In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (finding that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision).

Under these principles, I find that Sloan cannot utilize the ancient writs he cites. Although he is currently serving his state criminal sentence, he is also "in custody" under the consecutive federal sentence he challenges here, even though he has not yet begun to serve the federal sentence. *See Garlotte v. Fordice*, 515 U.S. 39, 40-41 (1995) (finding that for purposes of habeas corpus, inmate remains "in

custody" as to all of his consecutive sentences until he has served them all). Thus, Sloan cannot pursue a writ of error coram nobis as to the federal sentence. Furthermore, as he could have raised his claims concerning court error and ineffective assistance under § 2255, he cannot pursue them by petitioning for either a writ of coram nobis or a writ of audita querela. The mere fact that his previous § 2255 motion was dismissed as untimely does not open the door to his invocation of coram nobis and audita querela. Accordingly, I will construe his pleading instead as a § 2255 motion.[2]

As stated, Sloan previously challenged this conviction by filing a § 2255 motion. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255 para. 8. Petitioner previously challenged this conviction and sentence in a § 2255 motion.

Sloan offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I must dismiss his current action without prejudice. A separate Final Order will be entered herewith.

---

[2] I note that the court is not required to give Sloan notice of this construction of his pleading under *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002), because this action was not his first § 2255 motion.

- 4 -

        DATED: December 13, 2006

        /s/ JAMES P. JONES
        Chief United States District Judge